PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. KIMBERLY O'NEIL　　　　　　　　　　Docket Number: 08-cr-00275-JLK-01

**Petition for Issuance of Summons Due to Violation of Supervised Release**

　　COMES NOW, Sherrie Blake, probation officer of the court, presenting an official report upon the conduct and attitude of Kimberly O'Neil who was placed on supervision by the Honorable Martha Vazquez sitting in the court at Las Cruces, New Mexico, on the 9th day of September, 2002, who fixed the period of supervision at four (4) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. 　　The defendant shall participate in a program for substance abuse which may include testing as directed by the U.S. Probation Office.

2. 　　The defendant shall participate in a mental health program as directed and approved by the U.S. Probation Office.

On September 11, 2007, conditions of supervision were modified to include:

3. 　　The defendant must participate in and successfully complete home confinement for a period of four (4) months under the electronic monitoring program. The defendant may be required to pay a portion or all costs of such program.

**Jurisdiction was transferred to the District of Colorado on June 20, 2008.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the defendant to appear at a supervised release violation hearing.

　　　　　　ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 21st day of July, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Sherrie Blake |
| *s/John L. Kane* | Sherrie Blake<br>Probation Officer |
| John L. Kane<br>Senior U.S. District Judge | Place: Denver, Colorado<br><br>Date:　July 18, 2008 |

**ATTACHMENT**

On March 25, 2005, the conditions of supervised release were read and explained to the defendant. On that date, she acknowledged in writing that the conditions had been read to her, that she fully understood the conditions, and that she was provided a copy of them. The term of supervised release commenced on March 25, 2005, in the District of Colorado. Jurisdiction was transferred from the District of New Mexico to the District of Colorado on June 22, 2008.

The defendant has committed the following violations of supervised release:

1. **ASSOCIATION WITH A PERSON CONVICTED OF A FELONY:**

On or about March 6, 2007, June 17, 2007, September 20, 2007, and May 11, 2008, the defendant associated with Jesus Antonio Mota, a person who had been convicted of a felony, which constitutes a Grade C violation of supervised release.

Ths charge is based on the following facts:

On October 26, 2001, Jesus Antonio Mota was sentenced in United States District Court, Western District of Texas , Case No. EP-00-CR-1802-ECP, after pleading guilty to Importing a Quantity of Cocaine, in violation of 21 U.S.C. § 952 and 960, a Class A Felony. Supervised release commenced on October 4, 2005, in the District of Colorado in Denver, Colorado. Supervision was transferred to me in November 2005, due to Mr. Mota's relocation to Steamboat Springs, Colorado.

On March 14, 2007, the defendant informed me she was the victim of domestic violence that occurred on March 6, 2007. Her assailant was Jesus Antonio Mota. The defendant was informed Mr. Mota had a felony conviction and was under federal supervision. She stated they had dated for two weeks and she was unaware he had a felony conviction. The defendant was instructed to cease contact with Jesus Antonio Mota. She was also reminded of Standard Condition #9 of her supervised release conditions as set forth in the judgement from the District of New Mexico stating "the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer".

In June 19, 2007, the defendant contacted me and stated Mr. Mota was arrested for violation of a restraining order at her home on June 17, 2007. She also informed me that Mr. Mota had been living with her "off and on" since 2005 and they had a child together. On September 25, 2007, the defendant admitted she had contact with the defendant on September 20, 2007. On May 14, 2008, Mr. Mota admitted he had contact and was at the defendant's home on May 11, 2008.

2. **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER:**

On or about March 14, 2007, June 19, 2007, June 27, 2007, October 17, 2007, October 23, 2007, November 2, 2007, January 17, 2008, the defendant was instructed by the probation officer to cease all contact with Jesus Antonio Mota, a convicted felon, and she failed to follow this instruction on June 19, 2007, September 20, 2007, and May 11, 2008, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 14, 2007, the defendant informed me she was the victim of domestic violence that occurred on March 6, 2007. Her assailant was Jesus Antonio Mota. The defendant was informed Mr. Mota had a felony conviction and was under federal supervision. She was instructed to cease all contact with him.

On June 19, 2007, the defendant informed me that Mr. Mota had been living with her "off and on" since March 14, 2008. It is noted this admission came after Mr. Mota had been arrested for violating the restraining order regarding the pending domestic violence case that occurred on March 6, 2008. She also admitted their relationship had begun while they were both living in Denver, Colorado, and had a child together, Matthew. Due to the relationship turning violent, she was again instructed to cease all contact with Jesus Antonio Mota.

To emphasize the seriousness of this violation, she was instructed to appear for an appointment with me and Supervising Probation Officer (SUSPO) Suzanne Wall-Juarez on June 27, 2007, at the Probation Office in Denver, Colorado. The defendant, Mr. Mota, SUSPO Wall-Juarez and I met at the Probation Office in Denver, Colorado, and both defendants were specifically instructed by SUSPO Wall-Juarez to cease all contact with one another. The defendants also agreed to a modification of conditions of supervised release to include four (4) months on electronic home monitoring as a consequence for violating supervised release.

The modification was signed on September 11, 2007, in the District of New Mexico and the order was received in the District of Colorado on October 1, 2008. Electronic home monitoring began on October 18, 2007.

On September 25, 2007, the defendant told me she had contact with Mr. Mota on September 20, 2007. On that date, she stated he physically assaulted her.

On October 17, 2007, the defendant was again instructed to cease all contact with Mr. Mota due to the continuing violence. Again to emphasize the seriousness of this violation, the defendant met with me and SUSPO Christopher Perez at the Probation Office in Grand Junction, Colorado. She was specifically instructed by SUSPO Perez to cease all contact with Mr. Mota.

On November 2, 2007, Senior USPO Sarah Hoppe, who was administering the electronic home monitoring, instructed the defendant to not have contact with Mr. Mota.

On January 17, 2008, I contacted the defendant regarding the outcome of Mr. Mota's revocation hearing. She was informed he would be released from the Bureau of Prisons in May 2008. I instructed her that she and Mr. Mota were not to have contact upon his release until I could initiate their enrollment in relationship counseling.

On April 18, 2008, I received Mr. Mota's release plan from the Bureau of Prisons, which indicated Mr. Mota planned to reside at the defendant's address. I contacted the defendant and told her Mr. Mota's prerelease plan to live at her home was denied. I reminded her of the previous instructions: 1) Mr. Mota could not live with her; and 2) they could not see each other upon his release from the Bureau of Prisons, until professional counseling was initiated.

On May 14, 2008, I received information that the defendant and Mr. Mota had been in contact on May 11, 2008. I confronted the defendant on May 14, 2008, and she denied they had contact, despite being told a witness saw them together.

3. **MAKING FALSE STATEMENTS TO THE PROBATION OFFICER:**

On or about May 14, 2008, the defendant stated in response to a question from the probation officer, that she did not have contact with Jesus Antonio Mota, a convicted felon, when in fact she and Mr. Mota did have contact on May 11, 1008, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

I met with the defendant on May 14, 2008, and she was asked if she had contact with Jesus Antonio Mota on May 11, 2008. The defendant denied having any contact with Mr. Mota. She was told a neighbor saw her with Mr. Mota at her home on May 11, 2008, and again she denied having any contact with Mr. Mota. Mr. Mota was questioned later that day and admitted to having contact with the defendant at her home on May 11, 2008.